# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES WEIRETER, | ) Case No.: 2:19-cv-08009-FMO-FFM |
| Plaintiff, | ) **[PROPOSED]** STIPULATED |
| vs. | ) **PROTECTIVE ORDER** |
| SOCIETE AIR FRANCE dba AIR FRANCE, a French Corporation, and DOES 1 through 50, | ) |
| Defendants. | ) |

# **STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, Plaintiff and Defendant Air France by their undersigned counsel, that the following procedures shall govern the production and exchange of all Confidential documents, testimony, interrogatories and other information produced, given or exchanged in the course of the above-entitled action (the "Action"). Nothing in this Protective Order shall be deemed to waive any right a person otherwise might have to obtain information, to oppose production of documents or information on any ground, or to object to the introduction of evidence on any ground. For the purposes of the Protective Order,

(a) The term "document" includes, without limitation, (i) interrogatory answers, (ii) requests to admit and responses thereto, (iii) documents produced by any party or non-party in the Action, (iv) deposition transcripts and exhibits, (v) any portion of any papers, including Court papers, that quote from or summarize any of the foregoing, and (vi) audio recordings. Without limitation, the term "document(s)" includes all originals (or copies if the original is unavailable), non-identical copies, drafts and revisions.

(b) The term "person" means any party, individual, or entity.

1. Any person subject to discovery in the Action ("Producing Party") may, in good faith, designate non-public business, financial, trade secret, or proprietary information, or confidential research, development, personal or commercial and personal information as "Confidential" (by stamping the relevant pages or otherwise) thus rendering that document subject to protection. Documents designated as "Confidential," the information contained therein, and any notes or other documents quoting from or summarizing such materials are hereinafter referred to as "Confidential Information."

/ / /

2. A Producing Party shall designate for confidential treatment only documents, items or information which the Producing Party believes in good faith contain material constituting any non-public business, financial, trade secret, or proprietary information, or confidential research, development, personal or commercial and personal information.

3. If a Producing Party inadvertently produces any confidential materials without the appropriate designation, the Producing Party may furnish a substitute copy properly designated along with written notice to all parties that such information is deemed Confidential Information. Any receiving party must replace the undesignated original and any and all copies (either in its possession or previously sent to any third parties) with the substitute copy and return the original and any such copies to the Producing Party within fourteen (14) days of receipt of the substitute copy.

4. If any non-party produces discovery materials and does not designate them "Confidential," any party may seek to have such materials so designated if it in good faith believes such designation is necessary, either by requesting that the non-party producing the materials designate such materials "Confidential" or by requesting that the opposing party or parties agree to such designation, or by seeking an order of the Court designating such material "Confidential" if no agreement can be reached. No penalty or duty shall be imposed upon a receiving party who has disclosed a document that is subsequently designated by the Producing Party as "Confidential" if the disclosure predates the "Confidential" designation. However, the Producing Party will make reasonable efforts to ensure the return of documents it disclosed prior to such designation being made.

5. Nothing in Paragraph 4, above, or elsewhere in this Protective Order, shall be construed as precluding the right of any party to seek relief from the Court precluding the disclosure of materials received from third parties or requiring that

such materials be designated "Confidential" prior to their production. Subject to the express provisions of this Paragraph and Paragraph 3 and 4, *supra*, nothing herein shall impose any restrictions on the use or disclosure by a party or witness of documents or information obtained through discovery proceedings between the parties in this action which have also been obtained lawfully by a party or witness from an independent source.

6. If any party objects to the designation of any document as "Confidential" the party shall state the objection in writing to counsel for the party or non-party making the designation. The party or non-party designating the material as Confidential shall then provide a written explanation as to why the material is believed to be Confidential within five (5) business days of receipt of any such objection. If the parties are unable to resolve the objection, any party may move the Court at any time consistent with the Court's scheduling order to do so. Any such motion must comply with the requirements of Local Rule 37, including the requirements relating to the joint stipulation. The materials so designated shall remain Confidential pending resolution of the objection. The party or non-party who designated the discovery material as Confidential Information shall have the burden of establishing confidentiality.

7. This Protective Order may only be modified in writing, signed by counsel for all parties, and approved by the Court or as otherwise ordered by the Court.

8. The attorneys of record are responsible for employing reasonable measures to control, consistent with this Protective Order, duplication of, access to, and distribution of copies of Confidential Information.

9. Confidential Information shall be used by the receiving party solely for the purposes of investigating, preparing for and/or conducting litigation in the Action
/ / /

and any resulting appellate proceedings and in a manner consistent with this Protective Order.

10. The inadvertent production of privileged information, whether designated "Confidential" or bearing no designation shall not constitute a waiver of any applicable privilege. Any party or non-party receiving produced privileged material must return such material to the Producing Party immediately upon request. Nothing in this paragraph, however, shall be construed as preventing the party to which assertedly privileged information was produced from seeking to reobtain such information by arguing that it is not privileged.

11. The inadvertent production of materials containing sensitive information shall be returned immediately upon request by Defendant or by any governmental agency.

12. All materials designated as "Confidential" shall not be disclosed directly or indirectly by the person or entities receiving such materials to persons other than:

    (a) subject to the provisions of paragraph 20, the Court, persons employed by the Court, the jury, or stenographers transcribing the testimony or argument at a hearing, trial, or deposition in the Action or any appeal therefrom;

    (b) the parties to the Action or their authorized agent/representative, or any officer, director or employee of the parties to this Action or of the parties' authorized agent/representative, to the extent necessary for the prosecution or defense of this Action;

    (c) counsel to the parties in the Action (including in-house counsel of the parties or their agents/representatives), or such counsel's clerical, paralegal and secretarial staff;

///

(d) any subsequently joined party or officer, director or employee of any subsequently joined party, provided that such subsequently joining party signs an undertaking in the form attached hereto as Exhibit A agreeing to be bound by the Protective Order;

(e) any person reflected as an author, addressee, or recipient of the materials being disclosed or any person who received the materials in the ordinary course of business;

(f) any non-party trial witness or non-party deposition witness, provided that such witness signs an undertaking in the form attached hereto as Exhibit A agreeing to be bound by the Protective Order; and

(g) experts consulted by counsel in connection with these proceedings to allow such experts to prepare a written opinion, to prepare to testify, or to assist counsel in the prosecution or defense of the Action. Any expert who receives material designated as "Confidential" must sign an undertaking in the form of Exhibit A attached hereto, to be bound by the terms and conditions of this Protective Order.

13. If any party desires to provide Confidential Information or materials to any person(s) not set forth in Paragraphs 12 above, and if the parties cannot resolve the matter consensually, the party requesting disclosure shall make an appropriate application to the Court. Any third party not included in Paragraph 12 above must review and sign Exhibit A attached hereto before any material designated as "Confidential" is made available to that person.

14. Nothing herein shall prevent any party from seeking relief from the Court for an order modifying the terms and/or provisions of this Protective Order.

15. If a party (other than the designating party) is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "Confidential," that party must:

   (a) promptly notify in writing the designating party. Such notification shall include a copy of the subpoena or court order;

   (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

   (c) cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Information may be affected.

  If the designating party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" before a determination by the court from which the subpoena or order issued, unless the party has obtained the designating party's permission. The designating party shall bear the burden and expense of seeking protection in that court of its Confidential Information and nothing in these provisions should be construed as authorizing or encouraging any party in this Action to disobey a lawful directive from another court.

  16. Any use of Confidential Information at trial (or any other public hearing) shall be governed by the orders of the judicial officer presiding over the hearing. This Order does not govern the use of Confidential Information at trial (or any other public hearing). Counsel shall confer on such procedures as are appropriate to protect the confidentiality of information used in the course of any court proceedings before requesting any order regarding such procedures from the presiding judicial officer.

  17. Any party who intends to file under seal papers containing documents or information designated by an opposing party as "Confidential" or derived from documents or information designated by an opposing party as "Confidential" must

comply with any rules, including Local Rule 79-5, governing the filing of papers under seal.  Nothing in this Protective Order shall be construed to prohibit a party from objecting to the sealing of such documents, information, or material at the time of the filing or anytime thereafter.

18. Nothing herein shall be construed to affect in any way the admissibility of any document, testimony or other evidence at the trial in the Action.  Nothing herein shall be construed to limit in any way any party's use of its own Confidential Information, or a party's subsequent waiver of its own prior designation with respect to its own Confidential Information.

19. Information disclosed at the deposition of a party, including a corporate officer, director, employee, or agent of a party, or of an independent expert retained by a party or its counsel for purposes of the Action, or of a non-party, may be designated on the record as "Confidential".  Transcripts of testimony so designated during the deposition may, at the option of any party, be appropriately marked and bound separately.

20. The terms of this Protective Order shall be binding upon all current and future parties to this proceeding and their counsel.  Any third party producing documents in this litigation may avail themselves of the confidential treatment provided for in this Protective Order for their documents or information by following the procedures provided herein.  Any party requesting the production of documents from any third party shall make this Protective Order available to such party prior to the production of any documents.

21. Neither the termination of the Action nor the termination of employment of any person who has had access to any Confidential Information shall relieve such person from the obligation of maintaining the confidentiality of such information.

/ / /

22. Within sixty (60) days after termination of the Action or any appeal therefrom, counsel shall return all Confidential Information and copies (including excerpts and summaries thereof) to counsel for the producing party or non-party, or in lieu thereof, certify in writing that such Confidential Information has been destroyed. The Court shall retain jurisdiction for all purposes in connection with this paragraph.

IT IS SO ORDERED

Dated: February 5, 2020___      /S/ Frederick F. Mumm
                                 FREDERICK F. MUMM
                          UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A
# CONFIDENTIALITY ACKNOWLEDGMENT

I, _____, hereby acknowledge that: (i) I have read the foregoing Protective Order, dated January \_\_\_\_, 2020 (the "Protective Order"), which I am informed has been executed by the attorneys for the parties in the action presently pending in the United States District Court for the Central District of California, entitled *Charles Weireter v. Air France, et al.,* Case No. 2:19-cv-08009-FOM-FFM (the "Action"); (ii) I understand the terms of the Protective Order; (iii) I agree, upon the potential penalty of contempt and other civil remedies under the laws of the United States, to be bound by the terms of the Protective Order and will not reveal Confidential Information to anyone, except as allowed by the Protective Order; (iv) I understand that all Confidential Information and copies thereof shall be maintained in a secure manner and shall be returned no later than sixty (60) days after the termination of this action or any appeal therefrom to the counsel for the party or other person who provided such Confidential Information to me; and (v) I submit my person to the jurisdiction of the United States District Court for the Central District of California, for the limited purpose of securing compliance with the terms and conditions of the Protective Order.

DATED: _____   _____
                                                                            (Signature)

NAME: _____

BUSINESS ADDRESS:

_____